**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

THREE J HOSPITALITY LLC, a New Mexico LLC,

      Plaintiff,

v.                                 D.N.M. No. 2:23-cv-01045-JHR-DLM

MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY, a foreign surplus lines
Insurance company; OMAR ROGERS, a New Mexico
individual,

      Defendants.

**ANSWER OF DEFENDANT MESA UNDERWRITERS**
**SPECIALTY INSURANCE CO. TO PLAINTIFF'S COMPLAINT**

      **COMES NOW** Defendant Mesa Underwriters Specialty Insurance Co. (MUSIC), by and through its undersigned counsel of record, Civerolo, Gralow & Hill, P.A. (Lisa Entress Pullen and David M. Wesner), and for its Answer to Plaintiff's Complaint for Breach of Contract, Bad Faith Insurance Conduct, Violations of New Mexico Unfair Insurance Practices Act, and Negligence (its "Complaint"), states as follows:

**I.**       **PARTIES**

      1.     In response to the allegations set forth in Paragraph No. 1 of Plaintiff's Complaint, MUSIC states that the same pertain to or are directed against one or more persons or entities other than this Defendant, for which reason no response to the same is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC admits the allegations set forth in Paragraph No. 1 of Plaintiff's Complaint upon information and belief.

2.      MUSIC admits the allegations set forth in the first sentence of Paragraph No. 2 of Plaintiff's Complaint.  In response to the remaining allegations set forth in Paragraph No. 2 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, to which no response is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC denies the allegations set forth in the second sentence of Paragraph No. 2 of Plaintiff's Complaint to the extent, if any, to which the same exceed or are inconsistent with, or by omitting additional language necessary for contexts misrepresent, the legal authority referred to therein.

3.      In response to the allegations set forth in Paragraph No. 3 of Plaintiff's Complaint, MUSIC states that the same pertain to or are directed against one or more persons or entities other than this Defendant, for which reason no response to the same is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC denies the allegations set forth in Paragraph No. 3 of Plaintiff's Complaint upon information and belief.

## II.      JURISDICTION AND VENUE

4.      In response to the allegations set forth in Paragraph No. 4 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, to which no response is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC states that allegations pertaining to jurisdiction in the Second Judicial District of the State of New Mexico are moot, following the removal of this action to the United States District Court for the District of New Mexico, and affirmatively states that jurisdiction of this action is proper in the United States District Court for the District of New Mexico.

5.      In response to the factual allegations set forth in Paragraph No. 5 of Plaintiff's Complaint, MUSIC states that the same pertain to or are directed against one or more persons or

entities other than this Defendant, for which reason no response to the same is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC denies the factual allegations set forth in Paragraph No. 5 of Plaintiff's Complaint upon information and belief. In response to the remaining allegations set forth in Paragraph No. 5 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, to which no response is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC states that allegations pertaining to jurisdiction in the Second Judicial District of the State of New Mexico are moot, following the removal of this action to the United States District Court for the District of New Mexico, and affirmatively states that jurisdiction of this action is proper in the United States District Court for the District of New Mexico.

6.     In response to the factual allegations set forth in Paragraph No. 6 of Plaintiff's Complaint, MUSIC states that the same pertain to or are directed against one or more persons or entities other than this Defendant, for which reason no response to the same is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC denies the factual allegations set forth in Paragraph No. 6 of Plaintiff's Complaint upon information and belief. In response to the remaining allegations set forth in Paragraph No. 6 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, to which no response is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC states that allegations pertaining to venue in the Second Judicial District of the State of New Mexico are moot, following the removal of this action to the United States District Court for the District of New Mexico, and affirmatively states that venue for this action is proper in the United States District Court for the District of New Mexico.

7.      In response to the remaining allegations set forth in Paragraph No. 7 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, to which no response is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC affirmatively states that the substantive law of the State of New Mexico, and federal procedural law, apply to this action.

### III.    CONDITIONS PRECEDENT

8.      MUSIC denies the allegations set forth in the first sentence of Paragraph No. 8 of Plaintiff's Complaint.  In response to the allegations set forth in the second sentence of Paragraph No. 8 of Plaintiff's Complaint, MUSIC states that the same are not sufficiently specific or definite so as to allow MUSIC to form a belief as to the truth of the same.  Specifically, the phrase "Plaintiff's actions, inactions, or delays, if any" is not defined or limited in any way, and MUSIC is without a reasonable belief as to the meaning of the same.  Accordingly, MUSIC denies the allegations set forth in the second sentence of Paragraph No. 8 of Plaintiff's Complaint.  MUSIC admits the allegations set forth in the third sentence of Paragraph No. 8 of Plaintiff's Complaint.

9.      In response to the allegations set forth in Paragraph No. 9 of Plaintiff's Complaint, MUSIC states that the same are not sufficiently specific or definite so as to allow MUSIC to form a belief as to the truth of the same.  Specifically, the phrase "failures to satisfy conditions precedent that may have occurred on behalf of Plaintiff" is not defined or limited in any way, and MUSIC is without a reasonable belief as to the meaning of the same.  Accordingly, MUSIC denies the allegations set forth in Paragraph No. 9 of Plaintiff's Complaint.

### IV.    FACTS

10.     In response to the allegations set forth in Paragraph No. 10 of Plaintiff's Complaint, MUSIC admits that Plaintiff's claims in this action allege damages relating to a discharge of water

within the real property at issue herein, and to alleged insurance coverage pertaining to the same.  To the extent to which the allegations set forth in Paragraph No. 10 of Plaintiff's Complaint exceed the foregoing, the same are denied.

11.     In response to the allegations set forth in the first sentence of Paragraph No. 11 of Plaintiff's Complaint, MUSIC states that the same pertain to or are directed against one or more persons or entities other than this Defendant, for which reason no response to the same is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC admits, on information and belief, that Plaintiff is a family-owned company local to Ruidoso, New Mexico, and owns a hotel located at 100 Cliff Dr, Ruidoso, NM 88345.  MUSIC denies the remaining allegations set forth in the first sentence of Paragraph No. 11 of Plaintiff's Complaint.   In response to the remaining allegations set forth in Paragraph No. 11 of Plaintiff's Complaint, MUSIC states that the same pertain to or are directed against one or more persons or entities other than this Defendant, for which reason no response to the same is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in the second, third, and fourth sentences of Paragraph No. 11 of Plaintiff's Complaint and, therefore, denies the same.

12.     In response to the allegations set forth in Paragraph No. 12 of Plaintiff's Complaint, MUSIC states that the same pertain to or are directed against one or more persons or entities other than this Defendant, for which reason no response to the same is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph No. 12 of Plaintiff's Complaint and, therefore, denies the same.

13.     In response to the allegations set forth in Paragraph No. 13 of Plaintiff's Complaint, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegation that Plaintiff's actions as described in Paragraph No. 13 were taken "on Rogers' recommendation" and, therefore, denies the same.  In response to the remaining allegations set forth in Paragraph No. 13 of Plaintiff's Complaint, MUSIC states the issued policy forms, terms and provisions speak for themselves, and denies the remaining allegations to the extent they exceed and/or are inconsistent with the forms, terms and provisions of the issued policy.

14.     In response to the allegations set forth in Paragraph No. 14 of Plaintiff's Complaint, MUSIC states that, to the extent to which the same pertain to or are directed against one or more persons or entities other than this Defendant, no response to the same is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph No. 14 of Plaintiff's Complaint to the extent to which the same pertain to or are directed against one or more persons or entities other than this Defendant and, therefore, denies the same.  In response to the remaining allegations set forth in Paragraph No. 14 of Plaintiff's Complaint, MUSIC states that a property inspection was required as part of the policy being issued, but denies the alleged purpose of the report, denies that this Defendant recommends the amount of insurance for an insured to carry on property and denies that this Defendant has the obligation to evaluate and recommend changes to policy limits. Any further remaining allegations are denied.

15.     In response to the allegations set forth in Paragraph No. 15 of Plaintiff's Complaint, MUSIC is without sufficient information and belief to admit or deny what other companies do as part of their underwriting practices and inspection reports.  In response to the remaining allegations set forth in Paragraph No. 15 of Plaintiff's Complaint, MUSIC states that a property inspection was

required as part of the policy being issued, but denies the alleged purpose of the report, denies that this Defendant recommends the amount of insurance for an insured to carry on property and denies that this Defendant has the obligation to evaluate and recommend changes to policy limits. Any further remaining allegations are denied.

16. In response to the allegations set forth in Paragraph No. 16 of Plaintiff's Complaint, MUSIC states that the same merely purport to set forth or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents. To the extent to which the allegations set forth in Paragraph No. 16 of Plaintiff's Complaint exceed and/or are inconsistent with, or by omitting additional language necessary for context misrepresent, the terms and conditions of the document(s) referred to therein, the same are denied.

17. In response to the allegations set forth in Paragraph No. 17 of Plaintiff's Complaint, MUSIC states that the same merely purport to set forth or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents. To the extent to which the allegations set forth in Paragraph No. 17 of Plaintiff's Complaint exceed and/or are inconsistent with, or by omitting additional language necessary for context misrepresent, the terms and conditions of the document(s) referred to therein, the same are denied.

18. In response to the allegations set forth in Paragraph No. 18 of Plaintiff's Complaint, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegation that "the Property . . . was in full force and effect" and, therefore, denies the same. MUSIC further admits that at all material times, the real property at issue in the above-captioned lawsuit was insured pursuant to a policy of insurance issued by MUSIC, with respect to which Plaintiff was the named insured. In response to the remaining allegations set forth in Paragraph No. 18 of Plaintiff's Complaint, MUSIC states that the same merely purport to set forth or paraphrase

the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents. To the extent to which the remaining allegations set forth in Paragraph No. 18 of Plaintiff's Complaint exceed and/or are inconsistent with, or by omitting additional language necessary for context misrepresent, the terms and conditions of the document(s) referred to therein, the same are denied.

19.    In response to the allegations set forth in Paragraph No. 19 of Plaintiff's Complaint, MUSIC states that the same merely purport to set forth or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents. To the extent to which the allegations set forth in Paragraph No. 19 of Plaintiff's Complaint exceed and/or are inconsistent with the terms and conditions of, or by omitting additional language necessary for context misrepresent, the document(s) referred to therein, the same are denied.

20.    In response to the allegations set forth in Paragraph No. 20 of Plaintiff's Complaint, MUSIC states that the same merely purport to set forth or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents. To the extent to which the allegations set forth in Paragraph No. 20 of Plaintiff's Complaint exceed and/or are inconsistent with, or by omitting additional language necessary for context misrepresent, the terms and conditions of the document(s) referred to therein, the same are denied.

21.    In response to the allegations set forth in Paragraph No. 21 of Plaintiff's Complaint, MUSIC states that the same merely purport to set forth or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents. To the extent to which the allegations set forth in Paragraph No. 21 of Plaintiff's Complaint exceed and/or are inconsistent with, or by omitting additional language necessary for context misrepresent, the terms and conditions of the document(s) referred to therein, the same are denied.

22.     In response to the allegations set forth in Paragraph No. 22 of Plaintiff's Complaint, MUSIC states that the same merely purport to set forth or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents. To the extent to which the allegations set forth in Paragraph No. 22 of Plaintiff's Complaint exceed and/or are inconsistent with, or by omitting additional language necessary for context misrepresent, the terms and conditions of the document(s) referred to therein, the same are denied.

23.     In response to the allegations set forth in Paragraph No. 23 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, to which no response is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC denies the allegations set forth in Paragraph No. 23 of Plaintiff's Complaint to the extent, if any, to which the same exceed or are inconsistent with, or by omitting additional language necessary for context misrepresent, the legal authorities referred to therein.

24.     In response to the allegations set forth in Paragraph No. 24 of Plaintiff's Complaint, MUSIC states that the same merely purport to set forth or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents. To the extent to which the allegations set forth in Paragraph No. 24 of Plaintiff's Complaint exceed and/or are inconsistent with, or by omitting additional language necessary for context misrepresent, the terms and conditions of the document(s) referred to therein, the same are denied.

25.     In response to the allegations set forth in the first sentence of Paragraph No. 25 of Plaintiff's Complaint, MUSIC admits that a discharge of water occurred within the subject premises. MUSIC is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph No. 25 of Plaintiff's Complaint and, therefore, denies the same. MUSIC denies the allegations set forth in the third, fourth, and fifth

sentences of Paragraph No. 25 of Plaintiff's Complaint. In response to the sixth sentence of Paragraph No. 25 of Plaintiff's Complaint, MUSIC states that the same merely consists of a reference to photographs interlineated into Plaintiff's Complaint, which speak for themselves and are the best evidence of their own contents, but that do not depict all information material to the claims and defenses at issue in the above-captioned lawsuit.

26.    MUSIC denies the allegation set forth in the first sentence of Paragraph No. 26 of Plaintiff's Complaint, regarding how "Plaintiff," a limited-liability company, "felt." In response to the allegations set forth in the second sentence of Paragraph No. 26 of Plaintiff's Complaint, MUSIC admits that the issued policy's annual premium was $16,632.92 for all purchased coverages, and that Plaintiff reported a claim due to a broken water pipe on December 16, 2022. Further, the contents of the claim reported in writing speak for themselves, and any remaining allegations are denied.

27.    MUSIC is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph No. 27 of Plaintiff's Complaint and, therefore, denies the same. In response to the second sentence of Paragraph No. 27 of Plaintiff's Complaint, MUSIC admits that Plaintiff retained Maria Lamego. MUSIC is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in the second sentence of Paragraph No. 27 of Plaintiff's Complaint and, therefore, denies the same. In response to the third sentence of Paragraph No. 27 of Plaintiff's Complaint, MUSIC admits, upon information and belief, that Jimmy Garza Emergency Water Removal, LLC was present on the premises at issue after the discharge of water. MUSIC is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in the third sentence of Paragraph No. 27 of Plaintiff's Complaint and, therefore, denies the same.

28.     MUSIC admits the allegations set forth in the first sentence of Paragraph No. 28 of Plaintiff's Complaint.  In response to the allegations set forth in the second sentence of Paragraph No. 28 of Plaintiff's Complaint, MUSIC admits that an independent adjuster, Jack Chambers, conducted a site visit to view the property.   In response to the allegations set forth in the third sentence of Paragraph No. 28 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, to which no response is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC objects because the allegations are vague and overly broad in referring to "any persons or entities involved with the Claim", and, therefore, the allegations are denied.

29.     MUSIC admits the allegations set forth in the first sentence of Paragraph No. 29 of Plaintiff's Complaint.  MUSIC is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in the second and third sentences of Paragraph No. 29 of Plaintiff's Complaint and, therefore, denies the same.   MUSIC denies the inference that Mr. Plassman instructed Mr. Chambers not to pay the claim.   In response to the fourth sentence of Paragraph No. 29 of Plaintiff's Complaint, MUSIC also denies the allegation regarding a "directive from [MUSIC's] inside adjuster," and therefore denies the remainder of the fourth sentence of Paragraph No. 29 of Plaintiff's Complaint.  In response to the fifth sentence of Paragraph No. 29 of Plaintiff's Complaint, MUSIC states that the same is nonsensical as written and not susceptible to admission or denial.  To the extent to which the fifth sentence of Paragraph No. 29 of Plaintiff's Complaint purports to refer to the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents, MUSIC denies the same to the extent to which the same exceeds or is inconsistent with, or by omitting additional language necessary for context misrepresents, the contents of the document(s) referred to therein.  Further, MUSIC states that the

cited language pertains to a loss to one to four family residential buildings under policy form CP 01 36 03 00 only, and not to a structure such as the hotel at issue.

30.    In response to the allegations set forth in Paragraph No. 30 of Plaintiff's Complaint, MUSIC admits that Mr. Plassman discussed information that the property was underinsured and application of the co-insurance penalty, with Ms. Lamego and Mr. Rogers. MUSIC admits that Plaintiff provided a January 3, 2022 bank appraisal report to Mr. Plassman.  With regard to the remaining allegations of Paragraph No. 30, MUSIC states that the same merely purport to recite or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents, for which reason MUSIC denies the allegations set forth in Paragraph No. 30 of Plaintiff's Complaint to the extent to which the same exceed or are inconsistent with, or by omitting additional language necessary for context misrepresent, the contents of the document(s) referred to therein.  Any further remaining allegations are denied.

31.    In response to the allegations set forth in Paragraph No. 31 of Plaintiff's Complaint, MUSIC states that the same merely purport to recite or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents, for which reason MUSIC denies the allegations set forth in Paragraph No. 31 of Plaintiff's Complaint to the extent to which the same exceed or are inconsistent with, or by omitting additional language necessary for context misrepresent, the contents of the document(s) referred to therein.

32.    In response to the allegations set forth in Paragraph No. 32 of Plaintiff's Complaint, MUSIC admits that Nathan Plassman sent Jack Chambers' estimate to Plaintiff on or about January 23, 2023, and that said estimate showed $51,864.62 in covered damages.  MUSIC denies all remaining allegations set forth in Paragraph No. 32 of Plaintiff's Complaint.

33.     In response to the allegations set forth in Paragraph No. 33 of Plaintiff's Complaint, MUSIC denies that the same sets forth the complete basis for MUSIC's coverage decision, denies that the "Pipe Discharge" occurred as Plaintiff alleges, and denies that it undervalued Plaintiff's claim, but admits that it paid the undisputed portion of the claim with its letter dated February 10, 2023.  Any remaining allegations are denied.

34.     In response to the allegations set forth in Paragraph No. 34 of Plaintiff's Complaint, MUSIC states that the same merely purport to recite or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents, for which reason MUSIC denies the allegations set forth in Paragraph No. 34 of Plaintiff's Complaint to the extent to which the same exceed or are inconsistent with, or by omitting additional language necessary for context misrepresent, the contents of the document(s) referred to therein.   Any remaining allegations are denied.

35.     In response to the allegations set forth in the first sentence of Paragraph No. 35 of Plaintiff's Complaint, MUSIC admits that it paid the undisputed portion of Plaintiff's claim.  MUSIC denies the allegations set forth in the second sentence of Paragraph No. 35 of Plaintiff's Complaint. The third sentence of Paragraph No. 35 of Plaintiff's Complaint merely purports to quote or paraphrase one or more documents, each of which speaks for itself and is the best evidence of its own contents, for which reason MUSIC denies the allegations set forth in the third sentence of Paragraph No. 35 of Plaintiff's Complaint to the extent to which the same exceed or are inconsistent with, or by omitting additional language necessary for context misrepresent, the contents of the document(s) referred to therein.  Any remaining allegations are denied.

36.     In response to the allegations set forth in the first sentence of Paragraph No. 36 of Plaintiff's Complaint, MUSIC denies that it "misapplied" any term or condition of the subject policy

of insurance, and denies that it undervalued Plaintiff's claim, but admits that the actions it actually did take in adjusting, and in response to, Plaintiff's claim were "done knowingly." MUSIC denies the remaining allegations set forth in Paragraph No. 36 of Plaintiff's Complaint, including all inferences that MUSIC acted contrary to applicable law.

37.    MUSIC denies the allegations set forth in the first two sentences of Paragraph No. 37 of Plaintiff's Complaint, including all factual predicates and assumptions underlying the same. In response to the third and final sentence of Paragraph No. 37 of Plaintiff's Complaint, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of Plaintiff's allegation regarding its expectations, but denies that any such expectation was "reasonable".

38.    In response to the non-parenthetical portion of the first sentence of Paragraph No. 38 of Plaintiff's Complaint, MUSIC admits that it invoked the appraisal process under the subject policy of insurance on or about February 28, 2023, and that it appointed Brian Wuerfel as its selected appraiser. The parenthetical portion of the first sentence of Paragraph No. 38 of Plaintiff's Complaint merely purports to quote or paraphrase one or more documents, each of which speaks for itself and is the best evidence of its own contents, for which reason MUSIC denies the allegations set forth in the parenthetical portion of the first sentence of Paragraph No. 38 of Plaintiff's Complaint to the extent to which the same exceed or are inconsistent with, or by omitting additional language necessary for context misrepresent, the contents of the document(s) referred to therein. Any remaining allegations are denied.

39.    In response to the allegations set forth in Paragraph No. 39 of Plaintiff's Complaint, MUSIC admits that Plaintiff appointed Philip Emiliano as its selected appraiser. MUSIC is without

sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in Paragraph No. 39 of Plaintiff's Complaint and, therefore, denies the same.

40.    In response to the allegations set forth in the first sentence of Paragraph No. 40 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, to which no response is required of this Defendant, and/or purport to paraphrase one or more documents, which speak for themselves and are the best evidence of their own contents.  Should a response nonetheless be deemed necessary, MUSIC denies the allegations set forth in the first sentence of Paragraph No. 40 of Plaintiff's Complaint to the extent, if any, to which the same exceed or are inconsistent with, or by omitting additional language necessary for context misrepresent, the contents of the document(s) and/or legal authorities referred to, quoted, or paraphrased therein.  In response to the remaining allegations set forth in the first sentence of Paragraph No. 40 of Plaintiff's Complaint, MUSIC admits, upon information and belief, that Plaintiff retained Maria Lamego, and admits that Ms. Lamego prepared and provided an estimate in the amount of $941,865.76.  MUSIC is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in Paragraph No. 40 of Plaintiff's Complaint and, therefore, denies the same.

41.    MUSIC denies the allegations set forth in Paragraph No. 41 of Plaintiff's Complaint.

42.    In response to the allegations set forth in the first two sentences of Paragraph No. 42 of Plaintiff's Complaint, MUSIC states that the same merely purport to recite or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents, for which reason MUSIC denies the allegations set forth in the first two sentences of Paragraph No. 42 of Plaintiff's Complaint to the extent to which the same exceed or are inconsistent with, or by omitting additional language necessary for context misrepresent, the contents of the

document(s) referred to therein.  In response to the allegations set forth in the third sentence of Paragraph No. 42 of Plaintiff's Complaint, MUSIC denies that the document referred to therein was in any way "misleading."  In response to the remaining allegations set forth in the third sentence of Paragraph No. 42 of Plaintiff's Complaint, MUSIC states that the same merely purport to recite or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents, for which reason MUSIC denies the same to the extent to which the same exceed or are inconsistent with, or by omitting additional language necessary for context misrepresent, the contents of the document(s) referred to therein.

43.     MUSIC admits the allegations set forth in Paragraph No. 43 of Plaintiff's Complaint.

44.     In response to the allegations set forth in the first sentence of Paragraph No. 44 of Plaintiff's Complaint, MUSIC admits that the appraisal process was continuing in April 2023.  In response to the allegations set forth in Paragraph No. 44 of Plaintiff's Complaint, MUSIC states that the same merely purport to paraphrase and comment on an unidentified ethical standard.  To the extent to which such allegations exceed or are inconsistent with, or by omitting additional language necessary for context misrepresent, such standard, the same are denied.  Any remaining allegations are denied.

45.     MUSIC admits the allegations set forth in Paragraph No. 45 of Plaintiff's Complaint.

46.     In response to the allegations set forth in Paragraph No. 46 of Plaintiff's Complaint, MUSIC admits that the parties' selected appraisers agreed to a third, umpire appraiser on or about July 7, 2023.  In response to the remaining allegations set forth in Paragraph No. 46 of Plaintiff's Complaint, MUSIC states that the same merely purport to recite or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents, for which reason MUSIC denies the same to the extent to which the same exceed or are inconsistent with,

or by omitting additional language necessary for context misrepresent, the contents of the document(s) referred to therein.  Any remaining allegations are denied.

47.     In response to the allegations set forth in the first sentence of Paragraph No. 47 of Plaintiff's Complaint, MUSIC denies the allegations that Mr. Wuerfel "lied" and made a "baseless contention."  In response to the remaining allegations set forth in Paragraph No. 47 of Plaintiff's Complaint, MUSIC states that the same merely purport to recite or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents, for which reason MUSIC denies the same to the extent to which the same exceed or are inconsistent with, or by omitting additional language necessary for context misrepresent, the contents of the document(s) referred to therein.  Any remaining allegations are denied.

48.     In response to the allegations set forth in the first two sentences of Paragraph No. 48 of Plaintiff's Complaint, MUSIC states that the same merely purport to recite or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents, for which reason MUSIC denies the same to the extent to which the same exceed or are inconsistent with, or by omitting additional language necessary for context misrepresent, the contents of the document(s) referred to therein.  In response to the allegations set forth in the third sentence of Paragraph No. 48 of Plaintiff's Complaint, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegation purporting to comment on the contents of "virtually every property insurance policy," or the "design" of a policy term and, therefore denies the same.  In response to the allegations set forth in the final sentence of Paragraph No. 48 of Plaintiff's Complaint, MUSIC denies that Plaintiff's opinion regarding the "sizable scope of loss in dispute" is accurate, and therefore denies the allegations set forth in the final sentence of Paragraph No. 48 of Plaintiff's Complaint.  Any remaining allegations are denied.

49.    MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegation set forth in the first sentence of Paragraph No. 49 of Plaintiff's Complaint and, therefore, denies the same.  In response to the allegations set forth in the second sentence of Paragraph No. 49 of Plaintiff's Complaint, MUSIC denies that the "decision" referred to therein was "deliberate and calculated" for any improper purpose.  MUSIC denies the remaining allegations set forth in Paragraph No. 49 of Plaintiff's Complaint.

50.    In response to the allegations set forth in the first sentence of Paragraph No. 50 of Plaintiff's Complaint, MUSIC denies that "the appraisal process was inappropriately halted."  In response to the remaining allegations set forth in the first sentence of Paragraph No. 50 of Plaintiff's Complaint, MUSIC states that the same merely purport to recite or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents, for which reason MUSIC denies the same to the extent to which the same exceed or are inconsistent with, or by omitting additional language necessary for context misrepresent, the contents of the document(s) referred to therein.  In response to the allegations set forth in the second sentence of Paragraph No. 50 of Plaintiff's Complaint, MUSIC denies that it made an "improper and belated request for an EUO," or that any statement of Mr. Plassman was "erroneous."  In response to the remaining allegations set forth in the second sentence of Paragraph No. 50 of Plaintiff's Complaint, MUSIC states that the same merely purport to recite or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents, for which reason MUSIC denies the same to the extent to which the same exceed or are inconsistent with, or by omitting additional language necessary for context misrepresent, the contents of the document(s) referred to therein.  In response to the allegations set forth in the third sentence of Paragraph No. 50 of Plaintiff's Complaint, MUSIC denies that it sought an examination under oath under a "false guise."  In response

to the remaining allegations set forth in the third sentence of Paragraph No. 50 of Plaintiff's Complaint, MUSIC states that the same merely purport to recite or paraphrase the contents of one or more documents, each of which speaks for itself and is the best evidence of its own contents, for which reason MUSIC denies the same to the extent to which the same exceed or are inconsistent with, or by omitting additional language necessary for context misrepresent, the contents of the document(s) referred to therein. MUSIC denies the remaining allegations set forth in Paragraph No. 50 of Plaintiff's Complaint.

51.    In response to the allegations set forth in Paragraph No. 51 of Plaintiff's Complaint, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegation regarding what Plaintiff "expects," or of the opinions of Plaintiff's counsel regarding whether examinations under oath are "rarely used by insurers" or "are always conducted *before* a carrier makes a formal coverage decision" (emphasis in original) and, therefore, denies the same. Any remaining allegations are denied.

52.    MUSIC denies the allegations set forth in the first sentence of Paragraph No. 52 of Plaintiff's Complaint, but states that it paid the undisputed amount of the claim on February 10, 2023. In response to the allegations set forth in the second sentence of Paragraph No. 52 of Plaintiff's Complaint, MUSIC admits that certain information had been provided by Ms. Lamego prior to August 2023. All remaining allegations are denied.

53.    MUSIC denies the allegations set forth in the first sentence of Paragraph No. 53 of Plaintiff's Complaint. In response to the allegations set forth in the second sentence of Paragraph No. 53 of Plaintiff's Complaint, MUSIC states that the same merely consist of the opinion of Plaintiff's counsel, to which no response is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC denies that it is not "accountable to its own provisions," and therefore

denies the allegations set forth in the second sentence of Paragraph No. 53 of Plaintiff's Complaint. In response to the allegations set forth in the third sentence of Paragraph No. 53 of Plaintiff's Complaint, MUSIC states that the same merely purport to state or paraphrase one or more legal principles, to which no response is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC denies that the purported statement or paraphrase of legal principle(s) set forth in the third sentence of Paragraph No. 53 of Plaintiff's Complaint provides a complete or accurate statement of the legal principle(s) addressed, denies that such principle(s) apply(-ies) to the claims and defenses at issue in the above-captioned lawsuit in the way that Plaintiff appears to allege, and further denies that it breached any "principle of contract law," whether "fundamental" or otherwise.

54.    In response to the allegations set forth in the first sentence of Paragraph No. 54 of Plaintiff's Complaint, MUSIC denies that it breached any term or provision of any material contract, and denies any statement or implication that the examination under oath was not reasonably required under the prevailing circumstances. MUSIC denies the allegations set forth in the second and third sentences of Paragraph No. 54 of Plaintiff's Complaint. In response to the allegations set forth in the fourth sentence of Paragraph No. 54 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, and/or legal interpretations of one or more documents, to which no response is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC denies that the fourth sentence of Paragraph No. 54 of Plaintiff's Complaint sets forth a correct or accurate statement of applicable law or interpretation of the subject policy of insurance. In response to the allegations set forth in the fifth sentence of Paragraph No. 54 of Plaintiff's Complaint, MUSIC states that the same merely consist of the opinion of Plaintiff's counsel, to which no response is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC denies

any and all factual allegations contained within the allegations of the fifth sentence of Paragraph No. 54 of Plaintiff's Complaint, together with all underlying factual assumptions and predicates.

55.     MUSIC denies the allegations set forth in the first sentence of Paragraph No. 55 of Plaintiff's Complaint, together with all factual assumptions and predicates underlying the same.  In response to the remaining allegations set forth in Paragraph No. 55 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, and the citation of legal authority, to which no response is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC denies that the remaining allegations set forth in Paragraph No. 55 of Plaintiff's Complaint set forth an accurate statement of law applicable to the claims and defenses at issue in the above-captioned lawsuit, and further denies that the legal authority cited therein is binding or otherwise applicable in this action.

56.     In response to the allegations set forth in the first sentence of Paragraph No. 56 of Plaintiff's Complaint, MUSIC admits that Plaintiff complied with MUSIC's invocation of its right under the policy to conduct an examination under oath.  MUSIC denies all remaining allegations set forth in the first sentence of Paragraph No. 56 of Plaintiff's Complaint, including all enumerated subparts of, and all factual assumptions and predicates underlying, the same.  MUSIC admits the allegations set forth in the second, third, and fourth sentences of Paragraph No. 56 of Plaintiff's Complaint.

57.     In response to the allegations set forth in Paragraph No. 57 of Plaintiff's Complaint, MUSIC states that the appraisal process has continued since September 2023.  MUSIC denies all remaining factual and legal predicates and conclusions contained within or underlying the allegations of Paragraph No. 57.

58.    MUSIC admits the allegations set forth in the first sentence of Paragraph No. 58 of Plaintiff's Complaint.  In response to the allegations set forth in the second sentence of Paragraph No. 58 of Plaintiff's Complaint, MUSIC states that the same merely consists of a paraphrase or interpretation of one or more documents and/or legal authorities, to which no response is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC denies that the allegations in the second sentence of Paragraph No. 58 of Plaintiff's Complaint set forth a complete or accurate statement of applicable policy terms, or of the legal authorities and principles applicable to the same, but admits that it owed a duty to investigate the subject insurance claim.  To the extent to which the allegations set forth in the second sentence of Paragraph No. 58 of Plaintiff's Complaint exceed and/or are inconsistent with the foregoing, and/or imply that MUSIC failed to conduct an adequate investigation, the same are denied.  MUSIC denies the allegations set forth in the third sentence of Paragraph No. 58 of Plaintiff's Complaint.  In response to the fourth sentence of Paragraph No. 58 of Plaintiff's Complaint, MUSIC admits that Plaintiff provided MUSIC with additional materials.  MUSIC denies the remaining allegations set forth in the fourth sentence of Paragraph No. 58 of Plaintiff's Complaint.

59.    MUSIC denies the allegations set forth in Paragraph No. 59 of Plaintiff's Complaint, together with all factual assumptions and predicates, and all legal conclusions, underlying the same.

60.    In response to the allegations set forth in the first sentence of Paragraph No. 60 of Plaintiff's Complaint, MUSIC states that the same merely consists of a paraphrase or interpretation of one or more documents and/or legal authorities, to which no response is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC denies that the allegations in the first sentence of Paragraph No. 60 of Plaintiff's Complaint set forth a complete or accurate statement of applicable policy terms, or of the legal authorities and principles applicable to the same, but admits

that it owed a duty to pay the undisputed portion of Plaintiff's claim, which it has done.  To the extent to which the allegations set forth in the first sentence of Paragraph No. 60 of Plaintiff's Complaint exceed and/or are inconsistent with the foregoing, and/or imply that MUSIC failed to pay any amount to which Plaintiff was entitled, the same are denied.

61.    In response to the allegations set forth in Paragraph No. 61 of Plaintiff's Complaint, MUSIC admits that it identified alleged damage that was not caused by the subject discharge of water. In all other respects, MUSIC denies the allegations set forth in Paragraph No. 61 of Plaintiff's Complaint, together with all factual assumptions and predicates, and all legal conclusions, underlying the same.

62.    MUSIC denies the allegations set forth in Paragraph No. 62 of Plaintiff's Complaint, together with all factual assumptions and predicates, and all legal conclusions, underlying the same.

63.    In response to the allegations set forth in Paragraph No. 63 of Plaintiff's Complaint, MUSIC states that the same pertain to or are directed against one or more persons or entities other than this Defendant, for which reason no response to the same is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC admits that the subject real property was underinsured, but takes no position as to any legal liability on the part of Defendant Rogers.

64.    In response to the allegations set forth in Paragraph No. 64 of Plaintiff's Complaint, MUSIC denies that it committed any violation of law or "wrongful conduct."  MUSIC is without sufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations set forth in Paragraph No. 64 of Plaintiff's Complaint and, therefore, denies the same.

65.    MUSIC denies the allegations set forth in Paragraph No. 65 of Plaintiff's Complaint, together with all factual assumptions and predicates underlying the same.

## V.    CAUSES OF ACTION

66.    In response to Paragraph No. 66 of Plaintiff's Complaint, MUSIC incorporates and realleges herein its responses to Paragraph Nos. 1-65 of Plaintiff's Complaint, above, as though the same were stated herein.

### A.    Count I: Breach of Contract (Mesa)

67.    MUSIC admits the allegation set forth in the first sentence of Paragraph No. 67 of Plaintiff's Complaint.  MUSIC denies all remaining allegations set forth in Paragraph No. 67 of Plaintiff's Complaint.

68.    MUSIC denies the allegations set forth in Paragraph No. 68 of Plaintiff's Complaint, together with all factual assumptions and predicates underlying the same.

69.    MUSIC denies the allegations set forth in Paragraph No. 69 of Plaintiff's Complaint, together with all factual assumptions and predicates underlying the same.

### B.    Count II: Insurance Bad Faith / Breach of the Duty of Good Faith and Fair Dealing (Mesa)

70.    In response to Paragraph No. 70 of Plaintiff's Complaint, MUSIC incorporates and realleges herein its responses to Paragraph Nos. 1-69 of Plaintiff's Complaint, above, as though the same were stated herein.

71.    In response to the allegations set forth in Paragraph No. 71 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, to which no response is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC denies that the allegations in Paragraph No. 71 of Plaintiff's Complaint set forth a complete or accurate statement of the legal principles at issue, but admits that MUSIC owes its insureds certain duties under applicable law, some of which are fiduciary in nature.

72.     In response to the allegations set forth in the first sentence of Paragraph No. 72 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, to which no response is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC denies that the allegations in the first sentence of Paragraph No. 72 of Plaintiff's Complaint set forth a complete or accurate statement of the legal principles at issue, but admits that MUSIC owes its insureds a duty of good faith.  MUSIC denies the allegations set forth in the second sentence of Paragraph No. 72 of Plaintiff's Complaint.

73.     MUSIC denies the allegations set forth in Paragraph No. 73(a) of Plaintiff's Complaint.  In response to the allegations set forth in Paragraph No. 73(b) of Plaintiff's Complaint, MUSIC admits that Mr. Plassman did not "retain an engineer, hygienist, or other consultant," and relied in part on an estimate provided by an adjuster, and further admits that MUSIC invoked its right under the policy to an examination under oath.  MUSIC denies all remaining allegations set forth in Paragraph No. 73(b) of Plaintiff's Complaint, together with all factual assumptions and predicates, and all legal conclusions, underlying the same.  MUSIC denies the allegations set forth in Paragraph No. 73(c) of Plaintiff's Complaint.  In response to the allegations set forth in Paragraph No. 73(d) of Plaintiff's Complaint, MUSIC admits that it invoked the appraisal process, and requested that such process be temporarily halted.  MUSIC denies all remaining allegations set forth in Paragraph No. 73(d) of Plaintiff's Complaint, together with all factual assumptions and predicates, and all legal conclusions, underlying the same.  MUSIC denies the allegations set forth in Paragraph No. 73(e) of Plaintiff's Complaint, and denies all allegations set forth in Paragraph No. 73 of Plaintiff's Complaint not expressly admitted hereinabove.

74.     MUSIC denies the allegations set forth in Paragraph No. 74 of Plaintiff's Complaint, together with all factual assumptions and predicates underlying the same.

75.     MUSIC denies the allegations set forth in Paragraph No. 75 of Plaintiff's Complaint, together with all factual assumptions and predicates, and all legal conclusions, underlying the same.

**C.  Count III: Violations of the New Mexico Unfair Insurance Practices Act (Mesa)**

76.     In response to the allegations set forth in Paragraph No. 76 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, to which no response is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC admits the allegations set forth in Paragraph No. 76 of Plaintiff's Complaint.

77.     In response to the allegations set forth in Paragraph No. 77 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, to which no response is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC denies the allegations set forth in Paragraph No. 77 of Plaintiff's Complaint.

78.     MUSIC denies the allegations set forth in Paragraph Nos. 78(a), 78(b), 78(c), 78(d), and 78(e) of Plaintiff's Complaint.  In response to the allegations set forth in Paragraph No. 78(f) of Plaintiff's Complaint, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of allegations pertaining to the alleged definition of "take (one's) ball and go home" and, therefore, denies the same.  MUSIC admits that it offered the appraisal mechanism in its subject policy of insurance.  MUSIC denies all remaining allegations set forth in Paragraph No. 78(f) of Plaintiff's Complaint, together with all factual assumptions and predicates, and all legal conclusions, underlying the same.  MUSIC denies the allegations set forth in Paragraph Nos. 78(g) and 78(h) of Plaintiff's Complaint, together with all factual assumptions and predicates, and all legal conclusions, underlying the same.

79.     In response to the allegations set forth in Paragraph No. 79 of Plaintiff's Complaint, MUSIC admits that its actions in adjusting Plaintiff's claim at issue were taken by its employees.

MUSIC denies all remaining allegations and implications set forth in Paragraph No. 79 of Plaintiff's Complaint, together with all factual assumptions and predicates, and all legal conclusions, underlying the same.

80.    MUSIC denies all allegations set forth in Paragraph No. 80 of Plaintiff's Complaint, together with all factual assumptions and predicates, and all legal conclusions, underlying the same.

81.    MUSIC denies all allegations set forth in the first sentence of Paragraph No. 81 of Plaintiff's Complaint, together with all factual assumptions and predicates, and all legal conclusions, underlying the same.  In response to the remaining allegations set forth in Paragraph No. 81 of Plaintiff's Complaint, MUSIC states that the same merely recite or paraphrase all or part of Plaintiff's Complaint, which speaks for itself and is the best evidence of its own content.  To the extent, if any, to which the remaining allegations set forth in Paragraph No. 81 of Plaintiff's Complaint exceed or are inconsistent with the pleading referred to therein, the same are denied.

**D.  Count IV: Violations of the New Mexico Unfair Insurance Practices Act (Rogers)**

82.    In response to the allegations set forth in Paragraph No. 82 of Plaintiff's Complaint, MUSIC states that the same pertain to or are directed against one or more persons or entities other than this Defendant, for which reason no response to the same is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph No. 82 of Plaintiff's Complaint and, therefore, denies the same.

83.    In response to the allegations set forth in Paragraph No. 83 of Plaintiff's Complaint, MUSIC states that the same pertain to or are directed against one or more persons or entities other than this Defendant, for which reason no response to the same is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC states that it is without sufficient knowledge or

information upon which to form a belief as to the truth of the allegations set forth in Paragraph No. 83 of Plaintiff's Complaint and, therefore, denies the same.

83. of Plaintiff's Complaint and, therefore, denies the same.

84. In response to the allegations set forth in Paragraph No. 84 of Plaintiff's Complaint, MUSIC states that the same pertain to or are directed against one or more persons or entities other than this Defendant, for which reason no response to the same is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph No. 84 of Plaintiff's Complaint, including all enumerated subparts thereof, and therefore denies the same.

85. In response to the allegations set forth in Paragraph No. 85 of Plaintiff's Complaint, MUSIC states that the same pertain to or are directed against one or more persons or entities other than this Defendant, for which reason no response to the same is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph No. 85 of Plaintiff's Complaint and, therefore, denies the same.

86. In response to the allegations set forth in Paragraph No. 86 of Plaintiff's Complaint, MUSIC states that the same pertain to or are directed against one or more persons or entities other than this Defendant, for which reason no response to the same is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph No. 86 of Plaintiff's Complaint and, therefore, denies the same.

### E.  Count V: Negligence (Rogers)

87. In response to the allegations set forth in Paragraph No. 87 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, and pertain to or are

directed against one or more persons or entities other than this Defendant, for which reason no response to the same is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph No. 87 of Plaintiff's Complaint and, therefore, denies the same.

88.    In response to the allegations set forth in Paragraph No. 88 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, and pertain to or are directed against one or more persons or entities other than this Defendant, for which reason no response to the same is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph No. 88 of Plaintiff's Complaint and, therefore, denies the same.

89.    In response to the allegations set forth in Paragraph No. 89 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, and pertain to or are directed against one or more persons or entities other than this Defendant, for which reasons no response to the same is required of this Defendant. Should a response nonetheless be deemed necessary, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph No. 89 of Plaintiff's Complaint and, therefore, denies the same.

90.    In response to the allegations set forth in Paragraph No. 90 of Plaintiff's Complaint, MUSIC states that the same merely consist of one or more legal conclusions, and pertain to or are directed against one or more persons or entities other than this Defendant, for which reasons no response to the same is required of this Defendant. Should a response nonetheless be deemed

necessary, MUSIC states that it is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph No. 90 of Plaintiff's Complaint and, therefore, denies the same.

91.    In response to the allegations set forth in Paragraph No. 91 of Plaintiff's Complaint, MUSIC states that the same pertain to or are directed against one or more persons or entities other than this Defendant, for which reason no response to the same is required of this Defendant.  Should a response nonetheless be deemed necessary, MUSIC denies that Plaintiff has suffered the losses it claims in the instant lawsuit.

## VI.    DAMAGES

92.    MUSIC denies the allegations set forth in Paragraph No. 92 of Plaintiff's Complaint, together with all factual assumptions and predicates, and all legal conclusions, underlying the same.

93.    MUSIC denies the allegations set forth in Paragraph No. 93 of Plaintiff's Complaint, together with all factual assumptions and predicates, and all legal conclusions, underlying the same.

94.    MUSIC denies the allegations set forth in Paragraph No. 94 of Plaintiff's Complaint, together with all factual assumptions and predicates, and all legal conclusions, underlying the same.

95.    MUSIC denies the allegations set forth in Paragraph No. 95 of Plaintiff's Complaint, together with all factual assumptions and predicates, and all legal conclusions, underlying the same.

96.    In response to the allegations set forth in Paragraph No. 96 of Plaintiff's Complaint, MUSIC states that the same merely constitute a prayer for relief, to which no response is needed from this Defendant.  Should a response nonetheless be deemed necessary, MUSIC denies that Plaintiff is entitled to any of the relief it seeks in this action.

## VII.    PRAYER

97.    In response to the allegations set forth in Paragraph No. 97 of Plaintiff's Complaint, MUSIC states that the same merely constitute a prayer for relief, to which no response is needed from this Defendant.  Should a response nonetheless be deemed necessary, MUSIC denies that Plaintiff is entitled to any of the relief it seeks in this action.

98.    MUSIC denies each and every allegation of Plaintiff's Complaint not expressly admitted hereinabove.

### AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim against this Defendant upon which relief can be granted.

2.    Plaintiff's claimed injuries and damages were not proximately caused by any fault of this Defendant, and its claims against this Defendant should therefore be denied.

3.    All or part of the damages claimed by Plaintiff are speculative, are not supported by proof, and are not compensable as a matter of law.

4.    This Defendant is informed and believes, and on that basis alleges, that Plaintiff failed to exercise reasonable care and diligence to mitigate, minimize or avoid its alleged damages and, thus, any recovery that may be awarded to Plaintiff in this action should be reduced accordingly.

5.    Plaintiff, through its own negligence, may have contributed to the occurrence or the claim at issue and, therefore, to its own injuries.

6.    Any damages awarded against this Defendant are subject to an offset of any and all amounts recovered by Plaintiff through any claim and/or lawsuit for the same losses and damages against third parties and for any undisputed amounts paid on its claim.

7.     Plaintiff's claims are barred by one or more equitable doctrines including waiver, estoppel, and/or unclean hands.

8.     This Defendant did not breach its duties, if any, owed to Plaintiff.

9.     The acts and omissions alleged to have been committed by this Defendant were not the cause in fact, proximate cause, or any legal cause of any damages complained of in Plaintiff's Complaint.

10.    At all times relevant, this Defendant acted diligently and with due care in the performance of any duty owed to Plaintiff.

11.    Plaintiff's contract claims are barred by the fact that the parties were operating pursuant to different interpretations of the terms and conditions of one or more agreements alleged in Plaintiff's Complaint, and the resulting lack of mutuality bars recovery in this action.

12.    This Defendant has committed no acts that would constitute bad faith.

13.    The Complaint, and each and every claim stated therein, is barred, in whole or in part, by the terms, conditions, definitions, limitations and exclusions contained in the subject policy and/or by public policy or express provisions of law.

14.    Plaintiff is foreclosed from seeking damages in connection with any alleged breach of duty arising from the Policy by virtue of Plaintiff's own failure to perform its obligations under the Policy.

15.    Plaintiff's claims are barred to the extent to which Plaintiff failed to mitigate its damages.

16.    At all times relevant, this Defendant was asserting its legal rights under the subject policy with a good-faith belief in the existence of those rights and, thus, its conduct with respect to the subject matter of the Complaint is privileged.

17.     To the extent to which Plaintiffs seek punitive damages, an award of punitive damages cannot be sustained because the standard for determining liability for punitive damages under New Mexico law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state alleged to have given rise to such claims.  Therefore, any award of punitive damages would violate this Defendant's due-process rights under the United States and New Mexico Constitutions.

18.     This Defendant has committed no willful, wanton, malicious, reckless, oppressive, grossly negligent, or fraudulent acts that could warrant imposition of punitive or exemplary damages.

19.     To the extent to which Plaintiff seeks punitive damages, punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive-damage award under New Mexico law, and because New Mexico law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages.  Therefore, any award of punitive damages would violate this Defendant's due-process rights under the United States and New Mexico constitutions.

20.     Plaintiff's claims under the New Mexico Unfair Insurance Practices Act are groundless and, therefore, this Defendant is entitled to an award of its attorneys' fees and costs in defending against such claims.

21.     Additional affirmative defenses may apply in this case, and this Defendant reserves the right to raise any such additional affirmative defenses as the same become known.

## JURY DEMAND

Defendant Mesa Underwriters Specialty Insurance Company demands a trial by jury on all issues that may be presented to a jury for determination in this matter.

**WHEREFORE**, Defendant Mesa Underwriters Specialty Insurance Co. prays that Plaintiff's Complaint be dismissed with prejudice, that the Court award MUSIC its fees and costs

in responding to Plaintiff's Complaint, and for any further and additional relief that the Court deems just and appropriate under the circumstances.

Respectfully submitted,

CIVEROLO, GRALOW & HILL, P.A.

By____*/s/ David M. Wesner*_____
     Lisa Entress Pullen
     David M. Wesner
     *Attorneys for Defendant Mesa Underwriters*
        *Specialty Insurance Co.*
     P.O. Drawer 93940
     Albuquerque, NM 87199
     (505) 842-8255
     pullenL@civerolo.com
     wesnerd@civerolo.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2023 a true copy of the foregoing <u>Answer</u> was filed with the Court's electronic filing system and served by that system on all counsel of record as follows:

Brian K. Branch
The Law Office of Brian K. Branch
127 Bryn Mawr Drive SE
Albuquerque, NM 87106
(505) 764-9170
bbranch@bkblaw.net

William W. Lundquist
TX Bar #24041369
Lundquist Law Firm
675 Bering Drive, Suite 850
Houston, TX 77057
(346) 704-5295
will@lundquistlawfirm.com

*Attorneys for Plaintiff*

Justin D. Goodman
Ryan C. Schotter
Resnick & Louis, P.C.
5600 Eubank Blvd. NE, Suite 220
Albuquerque, NM 87111
(505) 559-4983
jgoodman@rlattorneys.com
rschotter@rlattorneys.com

*Attorneys for Defendant Omar Rogers*

*/s/ David M. Wesner*_____