IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**THREE J HOSPITALITY LLC, a New Mexico LLC,**

      **Plaintiff,**

      v.                                           Civ. No. 23-1045 JCH/DLM

**MESA UNDERWRITERS SPECIALTY INSURANCE
COMPANY, a foreign surplus lines insurance company;
and OMAR ROGERS, a New Mexico individual,**

      **Defendants.**

### MEMORANDUM OPINION AND ORDER

This case is before the Court on *Plaintiff's Opposed Motion to Remand to the Second Judicial District Court of New Mexico* [Doc. 13]. Defendant Mesa Underwriters Specialty Insurance Company ("MUSIC") filed both a response [Doc. 23] and a supplemental response [Doc. 28]. Plaintiff Three J Hospitality LLC ("Three J") filed a reply [Doc. 29], and with permission from the Court MUSIC filed its surreply [Doc. 34]. The issue before the Court is whether or not Plaintiff properly served Defendant Omar Rogers such that it was necessary for him to consent to removal by MUSIC. After reviewing all of the foregoing briefs as well as the attachments, the Court concludes that removal was improper and the motion to remand should be granted.

### FACTUAL AND PROCEDURAL BACKGROUND

This is a dispute as to whether MUSIC breached contractual duties it owed to its insured, Three J, under an insurance policy. On November 22, 2023, MUSIC opened the case in this Court by filing a "Notice of Filing of Notice of Removal" [Doc. 1] to which it attached Three J's state

court complaint [Doc. 1-1]. However, MUSIC did not attach a Notice of Removal or any statement regarding the factual and legal basis for removal as required by 28 U.S.C. § 1446(a). The magistrate judge filed an order [Doc. 8] permitting MUSIC to remedy the defects in its removal by properly alleging facts forming the basis for federal diversity jurisdiction, including the basis of Three J Hospitality's citizenship. In response, MUSIC filed an Amended Notice of Removal. Doc. 9. The amended document still did not contain the necessary allegations from which one could conclude that the parties were diverse, including facts forming the basis of MUSIC's citizenship, and allegations regarding Defendant Omar Rogers ("Rogers") citizenship (as opposed to residence). Further, the amended document did not state that Rogers consented to removal but rather suggested that Rogers had not been properly served. The magistrate judge generously granted MUSIC yet another opportunity to correct its notice of removal to properly allege the basis of diversity jurisdiction. Doc. 10. In response, MUSIC filed its Second Amended Notice of Removal [Doc. 20] alleging that Three J is a limited liability company incorporated in New Mexico and that all of its members are domiciled in New Mexico. It alleged facts to support the inference that MUSIC is a citizen of New Jersey and that Rogers is domiciled in Arizona. It did not state that Rogers agreed to the removal but rather asserted that Three J had not yet properly served Rogers. MUSIC filed its Second Amended Notice of Removal more than 30 days after being served with Three J's complaint, but within the extension of time allowed by the magistrate judge. On December 11, 2023, Three J filed its Motion for Remand, less than 30 days after MUSIC's first attempt at removal.

    The central dispute surrounding remand is whether Three J properly served Rogers, thereby requiring him to consent to MUSIC's removal of the case to this Court. Therefore, we must rewind to October of 2023 and the facts regarding Three J's attempts to serve Rogers. Those facts are not

in dispute, although the parties dispute their legal effect. According to the process server's affidavit, he used a computer search known as a skip trace to identify an address on N. 207th Lane in Buckeye, Arizona, as Rogers' residence. On October 3, 2023, the process server went to the home, and there were two vehicles parked outside whose license plates were registered to Rogers at that address. The process server rang the bell but no one came to the door. On October 7, 2023, the process server tried again, but this time he could not ring the bell because the front gate was locked. On that date, neither of the vehicles registered to Rogers was present outside the house. The process server banged on the gate and called out in a loud voice but received no response. On October 10, 2023, the process server mailed the documents to Rogers at the N. 207th Lane address via the United States Postal Service, certified mail return receipt. Finally, on October 18, 2023, the process server made a third attempt at in-person service by returning to the home. One of the vehicles registered to Rogers was parked in front, but the gate was locked. After banging on the gate and calling out, he received no response, so he placed the documents in an envelope and affixed it to the frame of the front gate.

With regard to the service by mail initiated by the process server on October 10, 2023, the Postal Service Certified Mail Receipt [Doc. 29 at 5] has Rogers' signature[1] and two date stamps. One stamp clearly states "OCT 20, 2023." The other stamp is faint and reads either October 14 or October 24, 2023. There is no evidence in the record as to which of these stamps corresponds to the day Rogers signed the receipt.

Although MUSIC argues that Three J has not served Rogers, Rogers himself has not asserted that Three J did not properly serve him. MUSIC contends that Rogers simply waived

---

[1] At least, Three J has asserted that the signature is Rogers', and neither Rogers nor MUSIC disputes that point.

3

service when he filed his answer [Doc. 21] to the complaint on December 26, 2023. Rogers filed that answer (which does not assert an affirmative defense based on lack of service) after his counsel corresponded with Three J's attorney to obtain an extension of time to answer. That correspondence, which was presented to the Court [Doc. 29-2], also contains no suggestion that Rogers disputed proper service. On January 5, 2024, Rogers filed notice of consent to removal. [Doc. 26]. To the Court's knowledge, Rogers has never asserted that he was not properly served, nor has he waived service.

## DISCUSSION

**I.   Applicable Law**

**A.   Removal**

Under 28 U.S.C. § 1446, a defendant must remove a case within thirty days after receipt of a copy of the initial pleading or service of summons, whichever period is shorter. *See id*. § 1446(b). A plaintiff has thirty days after the notice of removal is filed to bring a motion to remand based on any defect other than subject matter jurisdiction, or the plaintiff waives those defects. 28 U.S.C. § 1447(c).

"When a civil action is removed solely under section 1441(a)," as this case was, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1172 (D.N.M. 2007) (Vázquez, J.) ("When there are multiple defendants, generally all must consent to join in the notice of removal in order for it to be effective."); *State Farm Fire and Cas. Co. v. Dunn-Edwards Corp.*, 728 F. Supp. 2d 1273, 1275 (D.N.M. 2010) (Black, J.) ("A valid removal requires the consent of all served defendants."). This is known as the unanimity rule. "The failure of one defendant to join in the notice renders the removal notice procedurally defective,

which requires that the district court remand the case." *Brady*, 504 F. Supp. 2d at 1172-73; *see also Henderson v. Holmes*, 920 F. Supp. 1184, 1186 (D. Kan. 1996) ("The failure to join all proper defendants renders the removal petition procedurally defective."); *Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1257-58 (D.N.M. 2008) (Johnson, J.) ("Where there are multiple defendants, all defendants served at the time of filing must join in the notice of removal.... It is well established that a notice of removal fails if this procedural requirement is not met."). "When fewer than all of the defendants have joined in a removal action, the removing party has the burden under 28 U.S.C. § 1446 to explain affirmatively the absence of any co-defendants in the notice of removal." *Brady*, 504 F. Supp. 2d at 1173.

Because federal removal jurisdiction is statutory in nature, it is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). "[A]ll doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). "It is true that all of the defendants must consent to removal. But the lack of unanimous consent is a procedural defect, not a jurisdictional defect." *Farmland Nat'l Beef Packing Co. v. Stone Container Corp.*, 2004 WL 830769, 98 Fed. Appx. 752 (10th Cir. Apr. 16, 2004) (internal citations omitted). Under § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

**B.      Service of Process**

Federal Rule of Civil Procedure 4(e), which governs service of individuals, provides that a plaintiff may serve process on an individual located within the United States by either: (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age

and discretion who resides there;" or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Alternatively, service of such an individual may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Because service of Rogers did not comply with Rule 4(e)(2)—affixing the documents to the gate is not leaving it with someone of suitable age and discretion—in order to be valid the service must comply with state law in New Mexico (where this U.S. District Court is located) or Arizona (where service was made).

Under New Mexico law, one may serve an individual by delivering the summons and complaint "to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service." Rule 1-004(F)(1)(a), NMRA 1978. In the alternative, and individual may be served by mail "provided that the envelope is addressed to the named defendant and further provided that the defendant … signs a receipt for the envelope or package containing the summons and complaint, writ or other process. Service by mail or commercial courier service shall be complete on the date the receipt is signed as provided by this subparagraph." Rule 1-004(E)(3) and (F)(1)(b), NMRA 1978.

Under Arizona law, an individual may be served within Arizona by delivering a copy of the summons and the pleading being served to that individual personally; leaving a copies at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Ariz. R. Civ. P. 4.1(d). Arizona allows service of an individual by mail, but only with leave of court. *Id*. at 4.1(k).

**II. Analysis**

Three J argues that the case should be remanded to state court because MUSIC did not meet its burden to show that Rogers consented to removal in violation of the rule of unanimity. MUSIC counters that there was no need for Rogers to consent because Three J never properly served him. Rogers himself takes no position on the motion. Doc. 13 at 7.

In its Motion to Remand [Doc. 13], Three J argues that it served Rogers twice under New Mexico law—by mail on October 10, 2023, and in person by leaving the documents affixed to his gate on October 18, 2023. Doc. 13 at 2. In response, MUSIC argues that Three J failed to show valid service in either case because it did not prove that Rogers signed for the delivery of process by mail by attaching a signed delivery receipt to its motion, and that it failed to prove that Rogers *refused* personal service such that merely posting the documents at his gate would be sufficient under Rule 1-004(F)(1)(a), NMRA 1978. In its reply, Three J included a copy of the signed Certified Mail Return Receipt in order to prove service by mail. In its surreply, MUSIC argues that the receipt does not clearly prove when Rogers signed for the envelope containing service because there are two different date stamps on the document.

The Court need not reach the question of whether Three J properly served Rogers by leaving the documents attached to his gate, because it concludes that it properly served Rogers by mail. It is undisputed that Rogers received service by mail and signed the receipt, which was returned to Three J. That signed receipt constitutes proof of delivery and contains the date on which delivery occurred. In this Court's experience, the Postal Service indicates the date the recipient receives the mail and signs the receipt with a date stamp. In this case, the receipt has two stamps with two different dates—one of which is the date on which Rogers signed the receipt. Construing this evidence in the light most favorable to MUSIC, the Court assumes that Rogers signed the

receipt on the latest possible date on the receipt, October 24, 2023. Thus, for purposes of this motion the Court finds that Three J properly served Rogers on October 24, 2023.

It is undisputed that Three J served MUSIC three days later, on October 27, 2023. As MUSIC was the last to be served, October 27, 2023, started the 30-day period in which MUSIC could remove the case and demonstrate Rogers' consent. However, when MUSIC attempted to remove the case on November 22, 2023, through its faulty Notice of Removal, it not only failed to adhere to the substantive requirements of 28 U.S.C. § 1446(a) regarding the grounds for removal, it also failed to demonstrate Rogers' consent as required by § 1446(b)(2)(C). Indeed, the Defendants provided no indication of Rogers' consent to removal until January 5, 2024, which was not only well beyond the 30-day removal period, but also after the plaintiff filed its motion to remand. This was too late to cure Rogers' failure to provide timely consent. *See Taylor v. Medtronic, Inc.*, 15 F.4th 148, 149 (2d Cir. 2021) ("A properly served defendant cannot cure a failure to timely consent to removal by later providing untimely consent."); *Zambrano v. N.M. Corr. Dep't*, 256 F. Supp.3d 1179 (D.N.M. 2017) (Johnson, J.) (concluding that all served defendants must either sign the notice or removal or file a notice of consent within 30 days of the day the last defendant was served).

Accordingly, the removal in this case was defective for violation of the rule of unanimity. The motion to remand will be granted.

**IT IS THEREFORE ORDERED** that *Plaintiff's Opposed Motion to Remand to the Second Judicial District Court of New Mexico* [Doc. 13] is **GRANTED**.

SENIOR UNITED STATES DISTRICT JUDGE